## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARIE SHOENBERGER,<br><br>                    Plaintiff,<br><br>          v.<br><br>C.A.R.E.S., INC,<br><br>                    Defendant. | CASE NO. _____<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, KARIE SHOENBERGER, by and through undersigned counsel, Weisberg Cummings, P.C., hereby files this Complaint against Defendant, C.A.R.E.S., INC., for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ("PWPCL"), and the Adult Protective Services Act, 35 Pa. Stat. Ann. § 10210.101 *et seq.* ("APSA"), as follows:

## PARTIES

1.     Plaintiff Karie Shoenberger ("Ms. Shoenberger") is an adult and competent individual residing at 9 East Abbott Street, Lansford, Carbon County,

Pennsylvania.  Ms. Shoenberger's consent to become a party plaintiff is attached as Exhibit "A" hereto.

2.     Defendant C.A.R.E.S., Inc. ("CARES") is a corporation with a primary business address of 105 West Broad Street, Suite 200, Tamaqua, Schuylkill County, Pennsylvania 18252.

3.     At all times relevant to this Complaint, CARES conducted business operations and employed Ms. Shoenberger within the Commonwealth of Pennsylvania.

4.     CARES is an organization providing person-centered services to individuals with developmental disabilities and behavioral health challenges.

5.     At all times relevant to this Complaint, CARES has been a facility within the meaning of the APSA. 35 Pa. Stat. Ann. § 10210.103.

6.     At all times relevant to this Complaint, CARES has been an employer within the meaning of the FLSA, PMWA and PWPCL.

7.     At all times relevant to this Complaint, CARES has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.     At all times relevant to this Complaint, CARES has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

2

9.    CARES has had, and continues to have, an annual gross income of sales made, or business done, of not less than $500,000.00.

## JURISDICTION AND VENUE

10.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over these FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.    The PMWA, PWPCL and APSA each provide for a private right of action to enforce its provisions.  This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue in this district is proper under 28 U.S.C. § 1391(b) because CARES does business in this district and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

13.    Ms. Shoenberger was employed by CARES as a member of the Community Support staff in Jim Thorpe, Pennsylvania for about one year until her termination in or about July 2019.

14.    Prior to being employed by CARES, Ms. Shoenberger was made an offer of employment to work for an agreed upon rate of pay, including overtime pay

at the legally required rate, which was subsequently accepted by Ms. Shoenberger, thus creating a legally binding contract.

15.     Throughout the course of her employment, Ms. Shoenberger was an excellent employee, and she never received any discipline.

16.     On a monthly basis, Ms. Shoenberger, along with other staff, were required to attend staff meetings for which they never received regular or overtime pay. This is a violation of the FLSA, PMWA and PWPCL.

17.     Ms. Shoenberger was also required to complete twenty-four (24) hours of mandatory training on behalf of CARES for which she never received regular or overtime pay. This is also violation of the FLSA, PMWA and PWPCL.

18.     On or about May 7, 2019, Ms. Shoenberger witnessed an incident at work where another staff member, Mary, physically grabbed and dragged a client by her right arm as the client was running towards Ms. Shoenberger and trying to hide behind her so that Mary could not grab her again.

19.     This incident met the definition of "abuse" under the APSA.  35 Pa. Stat. Ann. § 10210.103

20.     The next morning after this incident, Ms. Shoenberger notified the CARES program specialist, Jacqueline Shokey, of the incident that happened the previous day. The client that the abuse happened to was called into the office by Ms. Shokey along with Ms. Shoenberger.  After the client was asked what

happened and explained how she was grabbed and dragged by her arm, Ms. Shokey looked and Ms. Shoenberger and said, "I do not think any of that happened," to which Ms. Shoenberger replied that the event did happen, and that Ms. Shoenberger had witnessed it.

21.     As an employee of a facility who had witnessed abuse of a client, Ms. Shoenberger was a mandatory reporter under the APSA.   Following company policy, Ms. Shoenberger advised Ms. Shokey that a report needed to be made to the designated agency.

22.     Following Ms. Shoenberger's report to Ms. Shokey and insistence that a report be made to the designated Commonwealth agency, Ms. Shokey began a pattern of harassment and micro-management of Ms. Shoenberger that lasted until Ms. Shoenberger's termination in July 2019.

23.     As of May 13, 2019, Ms. Shokey had still not reported the incident that happened on or about May 7.

24.     On or about May 14, 2019, another staff member at CARES filed an internal complaint with the program specialist at the East Stroudsburg CARES center about the incident not being reported.

25.     The CARES main office was notified of the incident by the program specialist at East Stroudsburg, and a complaint was then started and an investigation was finally initiated.

26.    On or about May 14, 2019, Ms. Shoenberger gave a verbal and written statement to the person who was in charge of doing the investigation.

27.    On or about May 15, 2019, a request for time off that Ms. Shoenberger had filed on May 7, 2019 was denied. All other requests for time off submitted by Plaintiff's similarly situated coworkers would be either approved or denied within a day or two of filing.

28.    Also, on or about May 15, 2019, Ms. Shoenberger received a call from Korey Ebert, the Director of Community and Day Services for CARES, who asked Ms. Shoenberger to verbally explain to him what had happened with the incident.

29.    Due to the retaliation and unfavorable treatment Ms. Shoenberger was receiving after making her statement, Ms. Shoenberger sent a text to Mr. Ebert after the phone call asking if she could be transferred to another center since there were openings; however, Mr. Ebert never responded.

30.    On or about July 12, 2019, Ms. Shoenberger received a bonus check for good work in the amount of $1,021.84. Ms. Shoenberger received an 82/100 on the scale for the bonus according to how well she was doing her job. This assessment had been made by Ms. Shokey prior to the May 7, 2019 incident.

31.    On or about July 14, 2019, Ms. Shoenberger received a text message from Ms. Shokey stating that she would not be needed for work on the following

day even though she was a full-time employee, and stating that low attendance of clients was the reason.  Company protocol stated that as a fulltime employee, Ms. Shoenberger should have been scheduled and one of the part time employees should have been taken off the schedule, and Ms. Shoenberger immediately questioned Ms. Shokey about the deviation from company policy.  Receiving no immediate response, Ms. Shoenberger made other plans for the following day.

32.     More than a half hour after Ms. Shokey told Ms. Shoenberger that she would not be scheduled to work on July 15, 2019, Ms. Shokey advised Ms. Shoenberger that she should report to the Walnutport center instead, to which Ms. Shoenberger replied that she had already made plans for July 15.

33.     Ms. Shoenberger then emailed Lisa House, the Human Resources Manager, asking who she needed to talk to about the issues that were ongoing with Ms. Shokey.  That email was never answered.

34.     On July 15, 2019, at or about 10:20 a.m., Ms. Shoenberger received a call from Ms. Shokey stating that she was being terminated.

35.     Ms. Shokey would not give Ms. Shoenberger an explanation as to why she was being terminated; however, upon information and belief, CARES reported to Unemployment Compensation that Ms. Shoenberger's client did not want to be with her any more, a statement which was untrue.

36.     CARES's intimidation and retaliation against Ms. Shoenberger for pursuing and participating in the mandatory reporting of the May 7, 2019 incident was in violation of the APSA.

**COUNT I**

**VIOLATIONS OF THE FLSA**

37.     Ms. Shoenberger incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

38.     At all times material herein, Ms. Shoenberger has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

39.     Ms. Shoenberger is an "employee" and CARES was her "employer" covered under Section 203 of the FLSA.

40.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

41.     Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. 29 U.S.C. § 213.

42.     As set forth above, CARES violated the overtime provisions of the FLSA as it failed to pay Ms. Shoenberger the required one and one-half (1½) times

for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2). Overtime pay is, therefore, due and owing to Ms. Shoenberger.

43.    CARES's failures to pay Ms. Shoenberger overtime at one and one-half (1½) times Ms. Shoenberger's regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

44.    CARES violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, CARES also willfully failed to keep accurate records of all hours worked by Ms. Shoenberger.

45.    CARES has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA, and as a result thereof, Ms. Shoenberger is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should this Honorable Court find CARES did not act willfully in failing to pay overtime pay, Ms. Shoenberger is entitled to an award of pre-judgment interest at the applicable legal rate.

46.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by CARES from Ms. Shoenberger. Accordingly, CARES is liable under 29 U.S.C. § 216(b),

together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff, Karie Shoenberger, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, C.A.R.E.S., Inc., as follows:

(a)    Enter judgment in favor of Ms. Shoenberger against CARES for violations of the FLSA's overtime requirements;

(b)    Award Ms. Shoenberger her unpaid overtime wages, in an amount to be shown at trial;

(c)    Award Ms. Shoenberger an additional equal amount as liquidated damages;

(d)    Award Ms. Shoenberger all compensatory, including compensation for any retirement and/or tax consequences;

(e)    Award Ms. Shoenberger pre- and post-judgment interest at the legal rate;

(f)    Award Ms. Shoenberger her costs and reasonable attorneys' fees in bringing this action;

(g)    Enter an Order enjoining CARES from future violations of the overtime wage provisions of the FLSA; and

(h)     Award Ms. Shoenberger any other relief that this Court or a jury deems appropriate.

## COUNT II

## VIOLATIONS OF THE PMWA

47.     Ms. Shoenberger incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

48.     CARES is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

49.     As set forth above, CARES, by its conduct, violated the overtime provisions of the PMWA as it failed to pay Ms. Shoenberger the required one and one-half (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).  Overtime pay is, therefore, due and owing to Ms. Shoenberger.

50.     The PMWA requires that CARES compensate Ms. Shoenberger at a rate of at least one and one-half (1½) times her usual hourly wage for each hour of overtime.  43 Pa.C.S. § 333.104(c).

51.    The total amount of compensation due to Ms. Shoenberger by CARES constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

52.    CARES's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

WHEREFORE, Plaintiff, Karie Shoenberger, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, C.A.R.E.S., Inc., as follows:

(a)    Enter judgment in favor of Ms. Shoenberger for violations of the PMWA's overtime requirements;

(b)    Award Ms. Shoenberger her unpaid overtime wages for being required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c)    Award Ms. Shoenberger compensation for any retirement and/or tax consequences;

(d)    Award Ms. Shoenberger pre- and post-judgment interest at the legal rate;

(e)    Award Ms. Shoenberger her costs and reasonable attorneys' fees in bringing this action;

(f) Enter an Order enjoining CARES from future violations of the overtime provisions of the PMWA; and

(g) Award Ms. Shoenberger any other relief that this Court or a jury deems appropriate.

## COUNT III

**VIOLATIONS OF THE PWPCL**
*Failure to Pay Straight-Time Wages and Overtime Wages*

53. Ms. Shoenberger incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

54. CARES failed to pay Ms. Shoenberger for all hours actually worked and at the proper rate of pay, including hours spent in staff meetings and completing mandatory training.

55. CARES's failure to pay the correct amount of straight-time hourly wages resulted in a breach of the aforementioned contract and thus permits a civil suit to recover wages due to Ms. Shoenberger, costs and attorneys' fees under 43 Pa. Stat. Ann. 260.9a, as well as liquidated damages of 25% of the total amount of wages due or $500 dollars, whichever is greater, pursuant to 43 Pa. Stat. Ann. 260.10.

WHEREFORE, Plaintiff, Karie Shoenberger, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant, C.A.R.E.S., Inc., as follows:

(a)   Enter judgment in favor of Ms. Shoenberger for violations of the PWPCL;

(b)   Award Ms. Shoenberger her unpaid wages, including wages for overtime, in an amount to be shown at trial;

(c)   Award Ms. Shoenberger liquidated damages allowable under the PWPCL;

(d)   Award Ms. Shoenberger her costs and reasonable attorneys' fees in bringing this action;

(e)   Enter an Order enjoining CARES from future violations of the PWPCL; and

(f)   Award Ms. Shoenberger any other relief that this Court or a jury deems appropriate.

## COUNT IV

## VIOLATIONS OF THE APSA

56.   Ms. Shoenberger incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

57.   The reason given for the Ms. Shoenberger's termination was a pretext for the real reason, which was retaliation for the Ms. Shoenberger's exercise of her legal right and duty to report abuse.

58.   The APSA mandates reporting of abuse. 35 Pa. Stat. Ann. § 10210. 6

59.     The APSA, 35 P.S. § 10210.302(d) prohibits retaliation for reporting abuse under the act, as follows:

> (d)     Retaliatory action.—
>
> > (1)     Any person who makes a report or cooperates with the agency, including providing testimony in any administrative or judicial proceeding, and any adult in need of protective services shall not be subject to any discriminatory, retaliatory or disciplinary action by an employer or by any other person or entity.

60.     The APSA, 35 P.S. § 10210.302(e) prohibit intimidation for reporting abuse under the act, as follows:

> (e)     Intimidation.—
>
> > (1)     A person, including an adult in need of protective services, with knowledge sufficient to justify making a report or cooperating with an agency, including possibly providing testimony in an administrative or judicial proceeding, shall not be subject to any intimidation by an employer or by any other person or entity.

61.     As an employee of an assisted living facility, Ms. Shoenberger is considered a mandated reporter.

62.     The administrators of the CARES's facility had a legal duty to report the May 2019 event to the Commonwealth agency, as it was reported to them by Ms. Shoenberger.

63.     Based upon information and belief, despite Plaintiff's insistence, the May 2019 event was not reported to the Commonwealth until complaints were made to CARES's home office.

64.     When an employee is discharged in a retaliatory manner for reporting abuse, APSA provides the following remedy:

> A person who violates this subsection is subject to civil action by the reporter or the adult in need of protective services, in which action the reporter or adult in need of protective services shall recover treble compensatory damages, compensatory and punitive damages or $5,000, whichever is greater.

65.     CARES's conduct in terminating Ms. Shoenberger was in retaliation for reporting abuse; it was purposeful, willful, self-interested, wanton, outrageous, and illegal pursuant to the APSA.

66.     It is necessary that Ms. Shoenberger seek punitive damages to protect herself and others from termination for exercising their rights, and doing their civic and professional duty in exposing abuse, and to prevent further violation of the APSA.

WHEREFORE, Plaintiff, Karie Shoenberger demands judgment in her favor for past-lost wages, future-lost wages, loss of benefits, compensatory damages allowable at law, treble compensatory damages, punitive damages, attorneys' fees, costs, expenses, pre and post-judgment interest, and delay damages.

## **JURY DEMAND**

Ms. Shoenberger demands a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

WEISBERG CUMMINGS, P.C.

November 6, 2019
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
Bar I.D. No.:  PA 83410
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
Bar I.D. No.:  PA 83286
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
Bar I.D. No.:  PA 313550
smahan@weisbergcummings.com

*/s/ Stephen P. Gunther*
Stephen P. Gunther, Esquire
Bar I.D. No.:  PA 324203
sgunther@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act, 29 U.S.C. § 216(b)

I hereby consent to become a party plaintiff in the foregoing action.

Date: 11/2/2019

Karie Shoenberger